**PRESCIENT ACQUISITION GROUP, INC., d/b/a Prescient Capital Corp., Plaintiff,**

v.

**MJ PUBLISHING TRUST, MJ–ATV Publishing Trust, New Horizon Trust and Michael J. Jackson, Defendants.**

No. 05 Civ. 6298(PKC).

United States District Court, S.D. New York.

Feb. 28, 2007.

Eric Rosenberg, Steven Altman, Altman & Company P.C., Scott Michael Kessler, Cozen O'Connor, New York City, for Plaintiff.

L. Londell McMillan, LeBoeuf, Lamb, Greene & MacRae, Desmond C. Whitaker, The McMillan Firm, David Paul Zaslowsky, Baker & McKenzie LLP, New York City, for Defendants.

## MEMORANDUM AND ORDER ON SEALED SUBMISSIONS

CASTEL, District Judge.

█ By Order dated February 8, 2007, I raised *sua sponte* the propriety of the sealed filing of submissions, nearly two feet in height, on a pending summary judgment motion. I invited the parties to address the wholesale exclusion from the public record of virtually all materials on the motion in view of the decisions of the United States Court of Appeals for the Second Circuit in *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.1995)("*Amodeo I*") and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006). I directed any party seeking to maintain a document under seal to submit "an affidavit by a person with personal knowledge of the facts, *i.e.* not merely counsel of record, containing the following: (a) identification with particularity (*i.e.* page and line) the precise information (whether in his or its own submission or that of an adversary) which the party maintains should be kept under seal; (b) demonstrating the particular need for sealing the information; and (c) annexing a proposed redacted page together with the unredacted version for the Court's *in cam-*

*era* review." Plaintiff has expressed no objection to the unsealing of all documents. Defendants vehemently protest the unsealing of much of the record and claim that, because of the celebrity status of one of the parties, Mr. Jackson, portions of the record may "be subject to sensational media accounts." (Bain Decl. ¶ 8, 15, 16) Defendants raise a host of reasons for continuing the sealing of the record, including fear of jury taint and the dissemination of assertedly false allegations against Mr. Jackson. I have considered the entirety of their submissions.

█ I conclude that the submissions in support of and in opposition to the summary judgment motion are, in fact, "judicial documents." *Lugosch*, 435 F.3d at 119. The submissions are relevant to the performance of the judicial function and useful in the judicial process. *Id.* The presumption of access attaches to all submissions in support or opposition to summary judgment. *Id.*

The next step under *Lugosch* is to assess the weight of the presumption. *Id.* Submissions on a summary judgment motion are entitled to a strong presumption. *Id.* at 121 ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."). Defendants argue that certain deposition transcripts which they submitted to the court ought not be considered judicial documents—or be entitled to only a weak presumption—because they were not cited to in their memoranda or Rule 56.1 Statements and were only included for context. The deposition transcripts which were submitted are fairly considered part of the record on the motion and, once submitted, could be relied upon by either party or the

court. Moreover, as long as the legal or factual issue was raised and the transcript was actually in the record before this court, it would likely be deemed fair and appropriate for either side to rely upon it on appeal. The defendants' first instincts that the full transcripts would be useful to the court in assessing whether a triable issue of fact had been raised were not unreasonable ones.

I have also balanced competing considerations against the presumption, including the privacy interests of those resisting disclosure. *Id.* at 120. I reject the notion that a generalized concern of adverse publicity concerning a public figure is a sufficiently compelling reason that outweighs the presumption of access. With one exception noted below, none of the specific concerns raised are entitled to great weight.

There is also a countervailing public interest in the subject matter of the case. True, the litigation surrounds a private dispute between private parties concerning the liability *vel non* of the defendants for payment of a finder's fee in obtaining financing. But the financing allegedly was to be used, in part, to acquire the remaining fifty percent in the Beatles song library from Sony/ATV Publishing Trust LLC, a matter of likely public interest. According to the complaint, the financing transaction was reported on page one of the Wall Street Journal. (Second Amended Complaint ¶ 2) The defendants concede the public interest in Mr. Jackson and, indeed, fear "sensational media accounts." (Bain Decl. ¶ 8, 15, 16)

I also reject the notion, on these facts, that there is a basis to seal the record because of fear of tainting the jury pool. While it may well be that there is a high level of awareness among jurors of Mr. Jackson, it will likely be possible to select a jury of persons who are capable of being fair and impartial in assessing whether he is liable for a finder's fee on a financial transaction. More to the point, there has been absolutely no showing that the unsealing of these documents will appreciably increase the nature or level of public scrutiny to which this public figure is subjected.

Defendants argue that sealing should be continued because there has been detrimental reliance upon the October 20, 2005 Protective Order in submitting documents on the summary judgment motion. There is support for the sealing of materials in the Protective Order, although there is no express reference to motion papers or summary judgment submissions.[1] However, no court in entering the Protective Order reasonably could have anticipated the wholesale over-designation of materials by the parties. Moreover, the parties were on notice of *Amodeo I* at the time they entered into the stipulation that formed the basis for the Protective Order and *Lugosch* had been decided before they filed their sealed submissions on the motion. Any reliance by the parties was unreasonable.

Defendants further seek leave to withdraw portions of their summary judgment submissions. While defendants are free to disclaim present reliance upon any portion of their prior submissions, they have not provided an adequate factual or legal basis for keeping the previously filed documents under seal or returning them to the parties.

 The Court has expressed its concern that no party be subjected to a grave risk of personal danger or financial fraud

1. The Protective Order refers to sealing of materials filed with the court "for any pre-Hearing purpose...." (¶ 13) "Hearing" is defined as "hearing or trial". (¶ 5)

by reason of their status as a defendant in a civil lawsuit. For this reason, I noted that "[i]t may be that a party will satisfy the *Amodeo I* standard as to bank account numbers, social security numbers and information the disclosure of which could raise a personal safety issue . . . ." Defendants have satisfied this burden as to Exhibit 28 to the Altman Declaration. It is a copy of two bank checks which would reveal specific details of the manner in which Mr. Jackson conducts his personal banking activities, *i.e.* the identity of the bank, the authorized signature (both the identity of the signator and an exemplar of his or her signature), the address of the account and the form and appearance of the check. This information could be used to work a financial fraud on Mr. Jackson or others. The payees of the checks (Wachtel & Masyr, LLP), the dates (both May 30, 2006) and the amounts ($15,886.38 and $59,113.29) have no special confidentiality surrounding them.

All documents submitted in support or opposition to the motion for summary judgment will be unsealed with the exception of Exhibit 28 to the Altman Declaration.

SO ORDERED.